JOHN R. BAILEY
Nevada Bar No. 0137
JOSHUA M. DICKEY
Nevada Bar No. 6621
JOE A. MORGAN
Nevada Bar No. 16937
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone:  702.562.8820
Facsimile:  702.562.8821
JBailey@BaileyKennedy.com
JDickey@BaileyKennedy.com
JMorgan@BaileyKennedy.com

*Attorneys for Plaintiff*
*Venture Medical, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

VENTURE MEDICAL, LLC, a Montana limited liability company,

Plaintiff,

vs.

PLATINUM WOUND CARE SPECIALIST LLC, a Nevada limited liability company,

Defendant.

Case No.  2:26-cv-01251-JAD-MDC

**STIPULATED PROPOSED DISCOVERY PLAN & SCHEDULING ORDER**

**SPECIAL SCHEDULING REVIEW REQUESTED**

Plaintiff Venture Medical, LLC ("Venture Medical") and Defendant Platinum Wound Care Specialist LLC ("Platinum") (collectively, the "Parties"), through their respective undersigned counsel, hereby file the following Stipulated Proposed Discovery Plan & Scheduling Order.

**I.      INFORMATION PURSUANT TO FED. R. CIV. P. 26(f)**

**A.      Rule 26(f) Conference.**

On June 22, 2026, the parties participated in a conference to discuss issues required by Fed. R. Civ. P. 26(f). Joshua M. Dickey, Esq. and Joe A. Morgan, Esq. participated in the conference on behalf of Venture Medical. Matthew L. Durham, Esq., participated in the conference on behalf of Platinum.

**B.**     **Rule 26(a) Disclosures.**

Initial disclosures shall be made as required by Rule 26(a)(1), unless stipulated otherwise.

**C.**     **Discovery.**

The Parties will conduct appropriate discovery related to Venture Medical's claims and allegations in the Complaint and Platinum's allegations and affirmative defenses in the First Amended Answer to Complaint. The Parties believe that a discovery period of 180 days from today's date is necessary in this case due to the Parties' mutual desire to consider and discuss possible settlement during the discovery period. Accordingly, the Parties request that the discovery period by calculated from today's date.

**D.**     **Electronically Stored Information.**

The Parties do not at this time anticipate any issues regarding the disclosure, discovery, or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. The Parties agree that ESI can be produced in paper form or as a readable image file (e.g., .pdf or .tiff), while reserving the right to thereafter seek production of the ESI in native format, if necessary, and to the extent readable images are insufficient in establishing any claims or defenses. The Parties further agree that non-ESI documents will be produced in paper form or as a readable image file (e.g., .pdf or .tiff), to the extent practicable. The Parties shall meet and confer or otherwise work in good faith with respect to the production of ESI should any dispute arise.

**E.**     **Claims of Privilege or of Protection.**

The Parties agree that any inadvertent disclosure of any privileged or work product materials shall not result in the waiver of any associated privilege or result in a subject matter waiver of any kind. The Parties agree to return any privileged material inadvertently disclosed immediately upon notice of the disclosure. The Parties agree that no copies of the inadvertently disclosed materials will be made or kept by the receiving party. These provisions shall not be deemed to prevent any party

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

from seeking an order compelling production of any material, including material returned as a result of a claim of inadvertent disclosure.

**F.      Limitations on Discovery.**

The Parties do not currently anticipate a need to suspend or change the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules.

**G.      Other Orders.**

The Parties anticipate entering into a Stipulated Confidentiality Agreement and Protective Order to protect confidential information, including HIPAA-protected, medical, professional, or other healthcare-related information.

## II.      INFORMATION PURSUANT TO LOCAL RULE 26(B)

The Parties propose to the Court the following Discovery Plan and Scheduling Order deadlines:

**1.      Discovery Cut-Off Date.**

The Parties request a discovery period of one hundred eighty (180) days from July 6, 2026, today's date. The discovery period, therefore, will close on **January 4, 2027.**[1]

**2.      Rule 26(a) Disclosures.**

The Parties will exchange their initial disclosures required by Fed. R. Civ. P. 26(a) on or before **August 5, 2026**.

**3.      Amendment of Pleadings and Adding Parties.**

Amendment of Pleadings and Adding Parties shall be no later than ninety (90) days before the close of discovery – **October 6, 2026**.

**4.      Expert Disclosures.**

Initial expert disclosures shall be due sixty (60) days before the discovery cut-off date – **November 5, 2026**. Rebuttal expert disclosures shall be due no later than thirty (30) days after the

---

[1] 180 days after July 6, 2026, is Saturday, January 2, 2027.  Deadline moved to next judicial day being Monday, January 4, 2027.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

disclosure of initial experts – **December 7, 2026**.[2] The requirements of FRCP 26(a)(2)(B) shall apply to any such disclosures.

### 5. Dispositive Motions.

The deadline for filing dispositive motions shall be thirty (30) days after the discovery cut-off date – **February 3, 2027**.

### 6. Pretrial Order.

The deadline for filing the Joint Pretrial Order shall be thirty (30) days after the date set for filing dispositive motions – **March 5, 2027**. However, in the event dispositive motions are filed, the date for filing a Joint Pretrial Order shall be suspended until thirty (30) days after the decision regarding any dispositive motions or upon further order of the Court.

### 7. Alternative Dispute Resolution.

The Parties certify that they have met and conferred about the possibility of using alternative dispute-resolution.

### 8. Alternative Forms of Case Disposition.

The Parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, and the use of the Short Trial Program (General Order 2013-01).

### 9. Electronic Evidence.

The Parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The Parties stipulate that they will provide

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] 30 days after November 5, 2026, is Saturday, December 5, 2026. Deadline moved to next judicial day being Monday, December 7, 2026.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

discovery in Portable Document Format (PDF), an electronic format compatible with the Court's electronic jury evidence display system.

DATED this 6th day of July, 2026.

**BAILEY❖KENNEDY**

By: /s/ Joe A. Morgan
  JOHN R. BAILEY
  JOSHUA M. DICKEY
  JOE A. MORGAN

*Attorneys for Plaintiff*
*Venture Medical, LLC*

DATED this 6th day of July, 2026.

**KING SCOW KOCH DURHAM LLC**

By: /s/ Matthew L. Durham
  MATTHEW L. DURHAM
  (NEVADA BAR NO. 10342)
  11500 South Eastern Avenue, Suite 210
  Henderson, Nevada 89052

*Attorneys for Defendant Platinum Wound*
*Care Specialist LLC*

**IT IS SO ORDERED:**

_____
United States Magistrate Judge

DATED: 7-8-26 _____